2015 ND 157

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Ervin J. LEE, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**Ervin J. Lee, Respondent.**

**No. 20150152.**

Supreme Court of North Dakota.

June 16, 2015.

SUSPENSION ORDERED

PER CURIAM.

[¶ 1]   The Court has before it a Stipulation, Consent to Discipline and Recommen-

dation of the Hearing Panel of the Disciplinary Board recommending that Ervin J. Lee be suspended from the practice of law in North Dakota for four months with the first month stayed, and that he pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct.  We accept the stipulation, consent to discipline, and recommendations. We suspend Lee from the practice of law for four months with the first month stayed, and we order him to pay costs of the disciplinary proceeding in the amount of $250.

[¶ 2]   Lee was admitted to practice law in North Dakota on September 23, 1985, and he is currently licensed to practice law.

[¶ 3]   Lee admitted service of a summons and petition for discipline on January 22, 2015.  He filed a response to the petition for discipline on February 13, 2015.  Disciplinary Counsel and Lee entered into a stipulation and consent to discipline.  A hearing panel of the Disciplinary Board filed a Stipulation, Consent to Discipline and Recommendation of the Hearing Panel with this Court on May 15, 2015.

[¶ 4]   In April 2013, a client paid Lee a retainer of $2,000 to represent him regarding a child support matter and regarding a trailer home title matter.  The client had medical issues at that time.  Lee did not regularly communicate with the client during the representation, and the client had difficulty reaching Lee regarding the representation.  Lee admitted his communications with the client were inadequate.

[¶ 5]   During Lee's representation, Lee twice asked the client to loan him money. On April 9, 2013, the client loaned Lee $10,000, and on April 12, 2013, he loaned

Lee $5,000. The loan agreements were oral, and did not have a clearly agreed upon term of interest for repayment. Lee failed to advise the client to seek the advice of another attorney before making the loans. Due to other issues, Lee was not able to pay the client back within six months as anticipated. He repaid the loans on December 20, 2014. During the representation, the client had difficulty communicating with Lee about repayment of the loans. Lee admitted his communications with the client regarding the loans were inadequate.

[¶ 6] Lee admitted his conduct violated N.D.R. Lawyer Discipl. 1.4, Communication, which provides that a lawyer shall make reasonable efforts to keep the client reasonably informed about the status of a matter; and N.D.R. Prof. Conduct 1.8(a), Conflict of Interest: Prohibited Transactions, which provides that provides that a lawyer shall not enter into a financial transaction with a client unless the transaction is fair reasonable to the client, and after consultation, including advice to seek independent counsel, the client consents to the transaction.

[¶ 7] There are aggravating factors of a prior discipline history, vulnerability of the victim and substantial experience in the practice of law. N.D. Stds. Imposing Lawyer Sanctions 9.22. There are mitigating factors of a timely good faith effort to make restitution or rectify consequences of misconduct, full and free disclosure and cooperative attitude toward proceedings, and remorse. N.D. Stds. Imposing Lawyer Sanctions 9.32. Lee agreed the appropriate sanction was suspension, and consented to a four month suspension with the first month stayed, and he agreed to pay the costs of the disciplinary proceeding.

[¶ 8] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the stipulation, consent to discipline and recommendations by the hearing panel were due within 20 days of the service of the report of the hearing panel. No objections were received. The Court considered the matter, and

[¶ 9] **ORDERED,** that the stipulation, consent to discipline, and recommendations by the hearing panel are accepted.

[¶ 10] **IT IS FURTHER ORDERED,** that Ervin J. Lee is suspended from the practice of law for four months, effective June 15, 2015, with the first month of suspension stayed.

[¶ 11] **IT IS FURTHER ORDERED,** that Lee must pay the costs and expenses of these disciplinary proceedings in the amount of $250 payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505–0530.

[¶ 12] **IT IS FURTHER ORDERED,** that Lee must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 13] **IT IS FURTHER ORDERED,** that reinstatement is governed by N.D.R. Lawyer Discipl. 4.5(B).

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and DALE V. SANDSTROM JJ., concur.

[¶ 15] The Honorable KAPSNER, J., disqualified, did not participate in the decision.