2017 ND 241

In the MATTER OF the Application for DISCIPLINARY ACTION AGAINST Ervin J. LEE, A Person Admitted to the Bar of the State of North Dakota

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

**Ervin J. Lee, Respondent**

**No. 20170241**

Supreme Court of North Dakota.

Filed 8/30/2017

See also 835 N.W.2d 836; 864 N.W.2d 764.

## DISBARMENT ORDERED.

Per Curiam.

[¶1] The Court has before it a stipulation, consent to discipline and recommendations of a hearing panel of the Disciplinary Board recommending that Ervin J. Lee be disbarred from the practice of law in North Dakota for violations of the North Dakota Rules of Professional Conduct. We accept the stipulation, consent to discipline, and recommendations. We disbar Lee from the practice of law in North Dakota effective immediately. We order him to pay restitution to the client and to the client protection fund, and we order him to pay costs of the disciplinary proceeding in the amount of $250.

[¶2] Lee was admitted to practice law in North Dakota on September 23, 1985. Lee was reprimanded in 1999, he was suspended for 60 days in 2013, and he was suspended for four months with one month stayed in 2015. *Disciplinary Board v. Lee*, 2013 ND 151, 835 N.W.2d 836; *Disciplinary Board v. Lee*, 2015 ND 157, 864 N.W.2d 764.

[¶3] Lee was served a summons and petition for discipline on May 13, 2016. Disciplinary Counsel and Lee entered into a stipulation and consent to discipline. A hearing panel of the Disciplinary Board filed a stipulation, consent to discipline and recommendations with this Court on September 12, 2016. On January 18, 2017, we rejected the stipulation, consent to disci-

pline and recommendations and remanded the matter to the Disciplinary Board for appropriate further action. On June 27, 2017, the hearing panel filed the stipulation, consent to discipline and recommendations before us.

[¶4] In the stipulated facts and conclusions, Lee admitted the following facts. Lee was hired to represent a client in a family law matter. The client paid Lee $9,000, $3,000 of which was advance payment of fees. One-thousand dollars of the $9,000 was a loan given to Lee by the client on February 20, 2013, which Lee used for personal expenses. Lee did not advise the client to seek independent counsel regarding the loan. Lee told the client he would repay the loan with interest in four weeks, but did not do so.

[¶5] Five-thousand dollars of the $9,000 was an advance payment for a parenting investigator. Lee deposited the funds into his operating account rather than a trust account. A parenting investigator was not used, but Lee did not refund the money. Lee used the $5,000 as payment toward legal fees without informing the client or obtaining the client's consent. Lee did not provide the client with bills for nearly two and one-half years after representation began. For two years, the client attempted to obtain a refund of the $5,000 used for fees and the $1,000 loan. Despite assurances by Lee that he would refund the money, he did not do so.

[¶6] Lee admitted that entering into a loan with his client without advising the client to seek independent counsel violated N.D.R. Prof. Conduct 1.8(a), which provides:

> Except for standard commercial transactions involving products or services that the client generally markets to others, a lawyer shall not enter into a business, financial, or property transaction with a client unless:
> (1) the transaction is fair and reasonable to the client; and
> (2) after consultation, including advice to seek independent counsel, the client consents to the transaction.

Lee admitted that failing to deposit the $5,000 into a trust account and using the funds violated N.D.R. Prof. Conduct 1.15(c), which provides that a "lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred." Lee admitted that by not returning the $5,000 to the client and by applying it to his fees without the client's consent, he violated N.D.R. Prof. Conduct 1.16(e), which provides that "upon termination of representation, a lawyer shall ... surrender[ ] papers and property to which the client is entitled and refund[ ] any advance payment of fee or expense that has not been earned or incurred."

[¶7] Lee admitted N.D. Stds. Imposing Lawyer Sanctions 4.11 applies, recognizing that disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. Aggravating factors exist of a prior discipline history, a pattern of misconduct, and substantial experience in the practice of law. N.D. Stds. Imposing Lawyer Sanctions 9.22. Mitigating factors exist of full and free disclosure to the disciplinary board or cooperative attitude toward proceedings and remorse. N.D. Stds. Imposing Lawyer Sanctions 9.32.

[¶8] Lee consented to the following discipline:
1. disbarment;
2. within 10 days of signing the stipulation, he pay $5,000 to the client for the parenting investigator, plus 6.5%

interest accruing starting January 1, 2012;

3. within 10 days of signing the stipulation, he pay $1,000 to the client for the loan, plus 6.5% interest accruing starting February 20, 2013;

4. he provide an affidavit to the Office of Disciplinary Counsel to verify that the payments in 2 and 3 above have been satisfied;

5. he forego any attorney's lien that he had against the client; and

6. within 30 days, he pay the costs and expenses of the proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, Judicial Wing, 151 Floor, 600 East Boulevard Avenue, Dept. 180, Bismarck, ND 58505–0530.

[¶9] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). No objections were filed. The Secretary of the Disciplinary Board attempted service of the stipulation, consent to discipline, and recommendations of the hearing panel at two of Lee's previously known addresses, including his address provided to the Board of Law Examiners, through the United States Postal Service certified mail. Both were returned. We considered the matter, and in light of Lee's signature and consent to discipline, we enter the following orders,

[¶10] **ORDERED**, that the stipulation, consent to discipline, and recommendations of the hearing panel filed on June 27, 2017, is accepted.

[¶11] **IT IS FURTHER ORDERED**, that Lee is disbarred from the practice of law in North Dakota, effective immediately.

[¶12] **IT IS FURTHER ORDERED**, that within 10 days of entry of judgment in this matter, Lee pay the client $5,000 for

the parenting investigator, plus 6.5% interest accruing starting January 1, 2012.

[¶13] **IT IS FURTHER ORDERED**, that within 10 days of entry of judgment in this matter, Lee pay the client $1,000 for the loan, plus 6.5% interest accruing starting February 20, 2013.

[¶14] **IT IS FURTHER ORDERED**, that Lee forego any attorney's lien that he claimed to have against the client.

[¶15] **IT IS FURTHER ORDERED**, that Lee provide an affidavit to the Office of Disciplinary Counsel to verify that the payments in paragraphs 12 and 13 above have been made.

[¶16] **IT IS FURTHER ORDERED**, that for any amounts already paid by the North Dakota Client Protection Fund on Lee's behalf, he make restitution within 30 days of entry of the judgment in this matter. For any amounts relating to this matter paid in the future by the North Dakota Client Protection Fund, Lee make restitution to the Fund within 30 days of receiving notice payment was made.

[¶17] **IT IS FURTHER ORDERED**, that Lee pay the costs and expenses of these disciplinary proceedings in the amount of $250 within 30 days of the entry of judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505–0530.

[¶18] **IT IS FURTHER ORDERED**, that Lee must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶19] **IT IS FURTHER ORDERED**, that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5.

[¶20] Gerald W. VandeWalle, C.J.

Lisa Fair McEvers

Jerod E. Tufte

Carol Ronning Kapsner, S.J.

Daniel J. Crothers

[¶21] The Honorable Jon J. Jensen was not a member of the Court when this matter was submitted and did not participate in this decision.